JOHN A. MACUMBER, APPELLEE, V. WALTER E. THOMAS ET AL., APPELLANTS

FILED JANUARY 23, 1926. No. 24880.

Evidence examined, and *held* insufficient to support the judgment and findings of the district court.

APPEAL from the district court for Sioux county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*Sidner & Thomas, E. D. Crites* and *F. A. Crites*, for appellants.

*G. T. H. Babcock* and *Allen G. Fisher, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

EBERLY, J.

This is an action in equity to secure the foreclosure of two mortgages in the district court for Sioux county, Nebraska. The petition is in the usual form. The answer of Jerome and Rowland Gillett, defendants in the court below, includes a general denial of the allegations of the petition coupled with a special denial of the allegations in the petition "that no proceedings at law have been had for the recovery of either of said mortgage indebtedness as set forth in the first and second causes of action, or any part thereof, and no part has been collected and paid."

A decree of foreclosure and sale was entered on these pleadings on May 11, 1925. A bill of exceptions was certified to on June 11, 1925, in the following form by the presiding judge:

"I, * * * the judge before whom this action was tried and determined, do hereby certify that the within is a true transcript of all of the evidence produced at the trial in the above-entitled action of John A. Macumber, Plaintiff, v. Walter E. Thomas et al., Defendants, in the district court of Sioux county, in the state of Nebraska, and contains a true record of all testimony offered, admitted, heard, read and received in the trial of this case, as well as a full, true and accurate record of all objections made by the respective counsel on rulings made and entered into by the court thereon, and upon the application of the attorneys for the defendants this transcript of the record is made a bill of exceptions, and the clerk of said court is ordered to make same a part of the record herein."

It is to be noted that the form of the issues imposed the burden of proof upon the plaintiff at the trial in the court below. The transcript does not disclose that the decree was entered upon default of the defendants. It is disclosed by the bill of exceptions that the notes and mortgages forming the foundation of the suit were not introduced in

evidence at the time of the trial, nor was any evidence whatsoever offered by the plaintiff to sustain the action.

It must be remembered that the bill of exceptions, as settled by the court and filed in this case, imports absolute verity and cannot in any manner at this hearing be varied, contradicted, or modified, and parol statements of counsel which would have this effect made at the argument may not be considered for any purpose whatsoever.

It follows that, in view of the record in this case, the decree entered below is wholly unsupported by the evidence and cannot be sustained. The case is therefore reversed and remanded for further proceedings.

REVERSED.